UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23306

ARMANDO PEREZ,

    Plaintiff,

vs.

GREENSTAR LANDSCAPING,
CO. AND PETER E. MASI,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Armando Perez, sues Defendants, Greenstar Landscaping, Co. and Peter E. Masi, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Armando Perez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Greenstar Landscaping Co.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Peter E. Masi,** was at all times material an owner/officer/director of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

4.	This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

5.	Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

6.	Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7.	Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I - FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Armando Perez, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

8.	Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9.	Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

10.	Defendants have at all times material to this action owned and operated a landscaping company that performs residential and commercial landscaping services, including planting, maintenance, irrigation, and related services utilizing computers, trimmers, mowers,

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

PCC pipes, flexible tubing, adhesives, rain sensors, timers, vehicles, cellular telephones, telephones, hand tools, phone systems, and other materials and supplies to engage in interstate commerce.

11. Furthermore, Defendants engage in interstate commerce in the course of their regular and routine submission of payments for goods and receipt of payment from out-of-state payors.

12. Defendants utilize computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

13. Defendants also advertise/market their services on the internet at https://greenstarlandscapingco.com/, which domain they purchased through GoDaddy, a foreign corporation.

14. Defendants further negotiate and manage payments to and from payors located outside of the State of Florida, including the regular and recurrent use of credit card processing that transmit electronic information outside of the State of Florida, and sell / invoice customers for merchandise that traveled in interstate commerce.

15. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

16. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

17. Plaintiff was a non-exempt employee of Defendants.

18. Plaintiff consents to participate in this lawsuit.

19. Plaintiff's primary duty was the performance of manual work; to wit, irrigation

installation and repair.

20. Plaintiff worked for Defendants, Greenstar Landscaping, Co. and Peter E. Masi, from about the end of February 2018 through August 26, 2021.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

22. Defendants paid Plaintiff the following hourly rates of pay:

    a. $20/hour when he started;

    b. $21/hour since the beginning of March of 2019;

    c. $23/hour since the beginning of March 2020; and then

    d. $25/hour since the beginning of March 2021.

23. Defendants paid Plaintiff in cash (only) from when he started working until the beginning of March of 2018.

24. Defendants then paid Plaintiff for up to 40 hours that he worked each week by check/direct deposit, and then paid him for time that he beyond 40 hours a week at his regular hourly rate of pay, but in cash.

25. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

26. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all of the hours worked beyond 40 hours in a given workweek.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

4

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

29. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Armando Perez, demands the entry of a judgment in her favor and against Defendants, Greenstar Landscaping, Co. and Peter E. Masi, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

5

g. Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2018

Plaintiff, Armando Perez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

30. Plaintiff performed worked for Defendants, Greenstar Landscaping, Co. and Peter E. Masi, during calendar year 2018.

31. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

32. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2018, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2018.

33. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, at first paid Plaintiff for the hours he worked in February 2018 and into early March 2018 in cash, after which time they paid Plaintiff by check/direct deposit for most of the hours worked in a pay period.

34. During the time that Plaintiff worked for Defendants in 2018, Defendants, Greenstar Landscaping, Co. and Peter E. Masi, also paid a portion of the wages earned by Plaintiff in cash.

35. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, did not include the amounts that they paid to Plaintiff in cash in 2018 in any information returns relating to the wages

6

earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2018.

36. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2018 by underreporting the amount they paid to Plaintiff in that calendar year.

37. Plaintiff suffered damages as a result of Defendants' willful provision of false a false/fraudulent information return in 2018 caused by Defendants' intentional and willful acts as described above.

38. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
>> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>>
>> (2) the costs of the action, and
>>
>> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Armando Perez, demands the entry of a judgment in her favor and against Defendants, Greenstar Landscaping, Co. and Peter E. Masi, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2018 as set forth above;

  b.  That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

  c.  That Plaintiff recover all interest allowed by law; and

  d.  Such other and further relief as the Court deems just and proper.

## **COUNT III – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2019**

Plaintiff, Armando Perez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

39. Plaintiff performed worked for Defendants, Greenstar Landscaping, Co. and Peter E. Masi, during calendar year 2019.

40. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

41. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2019, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2019.

42. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, paid Plaintiff by check/direct deposit for most of the hours worked in each pay period in 2019.

43. During the time that Plaintiff worked for Defendants in 2019, Defendants, Greenstar Landscaping, Co. and Peter E. Masi, also paid a portion of the wages earned by Plaintiff in cash.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

44. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, did not include the amounts that they paid to Plaintiff in the cash in 2019 in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2019.

45. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2019 by underreporting the amount they paid to Plaintiff in each of that calendar year.

46. Plaintiff suffered damages as a result of Defendants' willful provision of false a fasle/fraudulent information return in 2019 caused by Defendants' intentional and willful acts as described above.

47. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
>> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>>
>> (2) the costs of the action, and
>>
>> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Armando Perez, demands the entry of a judgment in her favor and against Defendants, Greenstar Landscaping, Co. and Peter E. Masi, jointly and severally after

9

trial by jury and as follows:

  a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2019 as set forth above;

  b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

  c. That Plaintiff recover all interest allowed by law; and

  d. Such other and further relief as the Court deems just and proper.

### COUNT IV – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2020

Plaintiff, Armando Perez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

48. Plaintiff performed worked for Defendants during calendar year 2020.

49. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

50. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2020, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2020.

51. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, paid Plaintiff by check/direct deposit for most of the hours worked in each pay period in 2020.

52. During the time that Plaintiff worked for Defendants in 2020, Defendants, Greenstar Landscaping, Co. and Peter E. Masi, also paid a portion of the wages earned by Plaintiff in cash.

53. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, did not, however, include the amounts that they paid to Plaintiff in the cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2020.

54. Defendants, Greenstar Landscaping, Co. and Peter E. Masi, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2020 by underreporting the amount they paid to Plaintiff in calendar year 2020.

55. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns in 2017 caused by Defendants' intentional and willful acts as described above.

56. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
> > (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
> >
> > (2) the costs of the action, and
> >
> > (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Armando Perez, demands the entry of a judgment in her favor

and against Defendants, Greenstar Landscaping, Co. and Peter E. Masi, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2020 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Armando Perez, demands a trial by jury of all issues so triable.

Respectfully submitted this 13th day of September 2021,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
